JUSTICE NELSON
specially concurs.
¶25 Were there the votes to do so, I would overrule our decision in Rogers. As noted in the Court’s opinion, Rogers dealt with an appeal following the revocation of a suspended sentence. We reversed the district court’s dismissal of the appeal and focused on whether a revocation of a suspended sentence was a criminal proceeding falling within the ambit of § 46-17-311, MCA(1993). Rogers, 267 Mont. at 193-94, 883 P.2d at 118. As I did then, I continue to maintain that Rogers was not correctly decided. See Rogers, 267 Mont. at 196-99, 883 P.2d *318 at 119-21 (Nelson, J., dissenting). '
¶26 In Rogers we “plainly usurped the prerogative and function of the legislature to statutorily create and define the parameters of and procedures governing appeals from courts of limited jurisdiction to the district courts.” Rogers, 267 Mont. at 198-99,883 P.2d at 121 (Nelson, J., dissenting). We did so by ignoring the primary rule of statutory construction and, instead, embarked upon the ethereal quest of divining a legislative intent contrary to that clearly and actually expressed in the plain language of the statute. As a result Rogers was more “our testament to the way we wished the law was, rather than a forthright interpretation of what the law actually is.” Rogers, 267 Mont. at 196, 883 P.2d at 119 (Nelson, J., dissenting).
¶27 As also noted, subsequent to Rogers, the Legislature corrected the majority’s foray into law-making by codifying our decision. As a result, Rogers has no further precedential value and now stands as little more than an anomalous, result-oriented decision. Indeed, it is time that we remove this opinion from the jurisprudence of this State.
¶28 I would overrule Rogers.
JUSTICE LEAPHART and RICE concur in the foregoing special pnnpm'T’Pnpp